UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES INC. dba KOHL'S,<br><br>Defendants | Case No. 1:21-cv-01740-JLT-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>(Doc. 13) |

Currently pending before the Court is a motion to amend the complaint filed by Plaintiff Fernando Gastelum ("Plaintiff") on March 28, 2022. (Doc. 13.) Defendant Kohl's, Inc., erroneously named as Kohl's Department Stores, Inc. dba Kohl's ("Defendant"), filed a statement of non-opposition to Plaintiff's motion to amend the complaint. (Doc. 18.) The motion to amend was referred to the undersigned magistrate judge for appropriate action. (Doc. 16.)

Based on the absence of opposition, the matter is deemed submitted on the record without the need for oral argument pursuant to Local Rule 230(g). Having considered the unopposed motion and the record in this case, Plaintiff's motion for leave to amend will be GRANTED.

**BACKGROUND**

On December 8, 2021, Plaintiff, proceeding pro se, filed this civil action for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 et seq., and California civil rights law. The action arises out of Plaintiff's July 1, 2021 visit to "a public accommodation

1

at 9400 Rosedale Hwy, Bakersfield, California 93312," owned or operated by Defendant.  (Doc. 1.)  Defendant answered the complaint on January 19, 2022.  (Doc. 5.)

On March 9, 2022, the Court issued a Scheduling Order.  (Doc. 12.)  Pursuant to that order, the deadline for any stipulated amendments or motions to amend the pleadings is May 12, 2022.  (*Id.*)

On March 28, 2022, prior to the deadline for amendment to the pleadings, Plaintiff filed the instant motion to amend.  (Doc. 13.)  According to the motion, Plaintiff seeks to amend the complaint to: (1) accurately state the true name of Defendant as Kohl's Inc.; (2) include standing allegations; and (3) allege additional barriers to accessibility experienced by Plaintiff at a Kohl's store located at 808 E. Danenberg Dr., Del Centro, CA 92243, which Plaintiff reportedly visited on February 24, 2022.  (*Id.* at 1.)  Concurrent with the motion, Plaintiff lodged a copy of the proposed First Amended Complaint.  (*See* Doc. 15.)

Defendant does not oppose the motion.  However, Defendant notes the pre-trial discovery deadlines may need to be extended to account for Plaintiff's new allegations that are based on a separate visit to an entirely different Kohl's facility.  (Doc. 18.)  Defendant requests that if the motion to amend is granted, then the Court also require the parties to confer and submit a revised pre-trial discovery schedule for the Court's approval.  (*Id.* at 1.)

**DISCUSSION**

Plaintiff's motion to amend, filed prior to the Scheduling Order deadline, is considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings.  *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (holding that motion to amend filed after pretrial scheduling order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16).  Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the

2

merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Defendant has filed a statement of non-opposition to the motion to amend. Having considered the moving papers as well as Defendant's non-opposition, the Court finds that there will be little prejudice to Defendant in permitting the amendment, and any request to modify the Scheduling Order may proceed either by way of stipulation or noticed motion. However, any such request must be supported by good cause. Fed. R. Civ. P. 16(b)(4). The Court additionally finds that Plaintiff has not unduly delayed in seeking to amend the complaint, the amendment is not brought in bad faith, and there is no indication that such amendment is futile. Accordingly, leave to amend will be granted.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Amend Complaint (Doc. 13) is GRANTED;

2.      The Clerk of Court is directed to file the lodged First Amended Complaint (Doc. 15); and

3.      Defendant shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **April 13, 2022**              /s/ *Barbara A. McAuliffe*        
                                      UNITED STATES MAGISTRATE JUDGE

4