**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>  Plaintiff,<br><br>  v.<br><br>KOHL'S INC.,<br><br>  Defendant. | Case No.: 1:21-cv-1740 JLT BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. 23) |

Fernando Gastelum asserts Kohl's Inc. violated the Americans with Disabilities Act and California law by not having accessible features in stores its located in Bakersfield and El Centro, California. (Doc. 20.) Defendant[1] seeks judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing Gastelum lacks standing to pursue his claims and the Court lacks subject matter jurisdiction. (Doc. 23) Gastelum opposes the motion, arguing the allegations are sufficient. (Doc. 25.)

The Court finds the matter is suitable for decision without oral arguments, and no hearing will be set pursuant to Local Rule 230(g). For the reasons set forth below, Defendant's motion for judgment on the pleadings is **GRANTED**.

---

[1] In the initial complaint, Gastelum named "Kohl's Department Stores Inc. dba Kohl's" as the sole defendant. (Doc. 1 at 1.) In the FAC, Gastelum identified the defendant as "Kohl's Inc." (Doc. 20 at 1.) For the sake of clarity, the Court uses the term "Defendant" to encompass both "Kohl's Inc." and "Kohl's Department Stores," as it remains unclear whether they are separate entities.

1

## I. Background and Procedural History

Gastelum resides in Casa Grande, Arizona. (*See* Doc. 20 at 1.) He reports he is "missing a leg" and "uses a wheelchair for mobility when locations are wheelchair accessible and a prosthetic leg and a cane when the location is not wheelchair accessible." (*Id.* at 1, ¶ 1.) Gastelum alleges he visited the Kohl's store in located at 9400 Rosedale Highway in Bakersfield, California, on July 2, 2021; and he visited the store located at 808 E. Danenberg Drive in El Centro, California, on February 24, 2022. (*Id.* at 2, ¶¶ 5, 10.)

According to Gastelum, when he visited the Bakersfield and El Centro stores, he "discovered that [each] Store is not compliant with the disability access laws in conformance with the ADA Standards as it relates to wheelchair users like the Plaintiff." (Doc. 20 at 3, ¶¶ 11, 12.) Specifically, Gastelum asserts he identified the following barriers at the Bakersfield store:

> a. The operable part of the restroom door requires the twisting of the wrist to operate. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4
>
> b. Fitting room door requires twisting of the wrist. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4
>
> c. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to move between displays of merchandise. This condition violates accessibility standards at 403.5.1
>
> d. There are numerous protruding objects that reduce clear width of accessible routes between rows of merchandising displays. This condition makes it more difficult for Plaintiff to move between the rows of merchandise. This condition violates accessibility standards at 307.5
>
> e. The benches near the entrance are completely inaccessible to a wheelchair which makes it impossible for Plaintiff to use them.

(*Id.* at 3, ¶ 11.) In addition, Gastelum alleges he identified the following barriers at the El Centro store:

> a. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to move between displays of merchandise. This condition violates accessibility standards at 403.5.1.
>
> b. The operable part of the fitting room door requires the twisting of the wrist to operate. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 390.4

>> c. The bathroom door requires the push-pull force greater than 5 lbs. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.2.

(*Id.* at 3-4, ¶ 12.) Gastelum asserts he "personally encountered these barriers," and they "relate to and impact [his] disability." (*Id.* at 4, ¶ 13.) He alleges that "[b]y failing to provide accessible facilities, the defendants denied the plaintiff full and equal access." (*Id.* at 4, ¶ 15.)

Gastelum alleges he "is often in the area where the Stores are located." (Doc. 20 at 4, ¶ 19.) He contends that he "will return to the Stores to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Stores are accessible." (*Id.*, ¶ 20.) According to Gastelum, he "is currently deterred … because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers at the Stores." (*Id.*)

Gastelum filed his First Amended Complaint on April 13, 2022, seeking to hold Defendant liable for violations of the Americans with Disabilities Act and California's Unruh Civil Rights Act. (*See* Doc. 20.) Kohl's filed answers to the FAC on April 28, 2022, and May 9, 2022. (Docs. 21, 22.) On June 14, 2022, Defendant filed the motion for judgment on the pleadings. (Doc. 23.) Gastelum filed his response to the motion on July 8, 2022 (Doc. 25), to which Defendant filed a reply on July 13, 2022 (Doc. 26). Both parties filed supplemental authorities in support of their positions while this matter has remained pending.[2] (*See* Docs. 27, 28, 34.)

## II. Motion for Judgment on the Pleadings

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough to not delay trial." Fed. R. Civ. P. 12(c). The Ninth Circuit explained that "pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming … that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Because Kohl's filed answers, and no counterclaims or cross-claims were made, the pleadings are closed in this action.

A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing

---

[2] Gastelum filed an "Objection to Defendant's Notice of 'Supplemental Authority'" on November 3, 2022. (Doc. 35.) However, Gastelum does not address any of the decisions identified by Defendant and instead makes additional argument in opposition to the motion. Accordingly, the "objection" to the supplemental authority is overruled.

party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6)." *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal. 2006), *aff'd* 277 Fed. Appx. 734 (9th Cir. 2008). Indeed, the Ninth Circuit explained a motion pursuant to Rule 12(c) is "functionally identical" to a motion under Rule 12(b). *Dworkin v. Hustler Magazine, Inc.*, 867 F. 2d 1188, 1192 (9th Cir. 1989) ("[t]he principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing"). Consequently, "the same standard of review" applies to a Rule 12(c) motion. *Chandavong v. Fresno Deputy Sheriff's Assoc.*, 599 F.Supp.3d 1017, 1020 (E.D. Cal. 2022) (citing *Gregg v. Dep't of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017)).

In deciding a motion for judgment on the pleadings, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (explaining the pleading standard under *Iqbal* applies to Rule 12(c) motions, because Rule 12(b) and Rule 12(c) motions are functionally equivalent). Thus, the court "must accept all factual allegations in the [pleadings] as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint, or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

To prevail on a Rule 12(c) motion, the moving party bears the burden to demonstrate that (1) "no material issue of fact remains to be resolved" and (2) "he is entitled to judgment as a matter of law." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). However, the Court retains the discretion to grant a Rule 12(c) motion with leave to amend, or to grant dismissal rather than enter judgment. *See Pacific W. Grp. v. Real Time Solutions*, 321 Fed. Appx. 566, 569 (9th Cir. 2008); *see also Chandavong*, 599 F.Supp.3d at 1020 ("[a]lthough Rule 12(c) does not mention leave to amend, courts may grant a Rule 12(c) motion with leave to amend"); *Lonberg v. City of Riverside*, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004) ("courts have discretion both to grant a Rule 12(c) motion with leave to amend … and to simply grant dismissal of the action instead of entry of judgment").

### III.     Jurisdictional Challenges

The district court is a court of limited jurisdiction and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff carries the burden of demonstrating the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Notably, although a challenge to subject matter is normally made under Rule 12(b)(1), "it may also be raised on a motion pursuant to Rule 12(c)." *J & J Sports Prods. v. Alvarez*, 2013 WL 6070412, at *2 (E.D. Cal. Nov. 15, 2013) (citing *Formula One Motors, Ltd. v. United States*, 777 F.2d 822 (2nd Cir. 1985) [affirming dismissal of action for lack of subject matter jurisdiction on a Rule 12(c) motion]); *see also Strudley v. Santa Cruz Cty. Bank*, 2017 WL 4355129, at *2 (N.D. Cal. Sept. 29, 2017) ("in a significant number of cases, federal courts have permitted a defending party to raise a lack of subject matter jurisdiction on a Rule 12(c) motion for judgment on the pleadings" [citation omitted]). "If a party raises an issue as to the court's subject matter jurisdiction on a motion for a judgment on the pleadings, the district judge will treat the motion as if it had been brought under Rule 12(b)(1)." *San Luis Unit Food Producers v. United States*, 772 F.Supp.2d 1210, 1218 (E.D. Cal. 2011) (citation omitted); *see also Strojnik v. Portola Hotel, LLC*, 2021 WL 1022880 at *2-6 (N.D. Cal. Mar. 17, 2021) (evaluating a jurisdictional challenge—premised upon the lack of standing under the ADA— under Rule 12(c), and applying the analysis of a Rule 12(b)(1) motion).

A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)). Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th

Cir. 2000)). The Ninth Circuit explained:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). In evaluating a motion under Rule 12(b)(1), the standards to be applied vary according to the nature of the jurisdictional challenge.

If a defendant presents a *facial* challenge to the Court's jurisdiction, the Court must presume the truth of the Plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). The Court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). However, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. *Safe Air*, 373 F.3d at 1039.

On the other hand, if a defendant presents a *factual* challenge to the Court's jurisdiction, the Court "may review any evidence, such as affidavits and testimony." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Warren*, 328 F.3d at 1139. The Ninth Circuit explained: "Faced with a factual attack on subject matter jurisdiction, 'the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Thornhill Pub. Co.*, 594 F.2d at 734 (quoting *Mortenson v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (1977)). If a moving party presents a factual attack motion, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *see also Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000) (same). Thus, the burden of proof remains with a plaintiff, who has "an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

### IV. The Americans with Disabilities Act

Title III of the ADA prohibits discrimination against persons with disabilities and provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA requires business facilities be "readily accessible to and usable by individuals with disabilities," unless it would be "structurally impracticable." 42 U.S.C. § 12183(a)(1); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). The Ninth Circuit observed, "In general, a facility is readily accessible to and usable by individuals with disabilities if it meets the requirements promulgated by the Attorney General in the 'ADA Accessibility Guidelines,' or the 'ADAAG.'" *Oliver*, 654 F.3d at 905. These standards are codified at 28 C.F.R. Pt. 36, Appendix A, and are "essentially an encyclopedia of design standards." *See id.*

For purposes of Title III, discrimination also includes "a failure to remove architectural barriers … in existing facilities … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the Ninth Circuit found:

> To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability.

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). A plaintiff need not show intentional discrimination to establish an ADA violation. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004).

### V. Discussion and Analysis

In the FAC, Gastelum asserts he suffered violations of the Americans with Disabilities Act and California's Unruh Civil Rights Act. (Doc. 20 at 5-7.) Defendant contends Gastelum fails to establish standing on his ADA claim, because he did not allege an injury-in-fact, an intent to return, or deterrence from returning to the stores. (Doc. 23-1 at 10-21.) In addition, Defendant seeks dismissal of the claims under the Unruh Act. (*Id.* at 21-22.) Gastelum maintains the allegations are sufficient and he has standing. (*See* Doc. 25 at 10-15.)

### A. Gastelum's litigation history

As an initial matter, Defendant asserts "Gastelum has clogged federal courts with hundreds of Americans with Disabilities Act … and Unruh Act lawsuits, including several dozen in California." (Doc. 23-1 at 6.) In addition, Defendant contends Gastelum "travels to California only to sue businesses utilizing defective form complaints." (*Id.*) The Ninth Circuit urges courts to exercise caution "before construing a Disability Act Plaintiff's history of litigation against him." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1174 (9th Cir. 2010). The Court has observed that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007). Furthermore, the Court indicated "motivation is irrelevant to the question of standing" under the ADA, and ADA testers have standing if they meet the traditional criteria. *Civ. Rights Educ. & Enforement Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017). Accordingly, the Court declines to consider Gastelum's litigation history— or his particular motivation visiting the identified stores— in evaluating the pending motion.

### B. Disability under the ADA

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Walking is considered a "major life activit[y]." 42 U.S.C. § 12102(2)(A). Gastelum reports he "is missing a leg" and must use either a wheelchair or assistive device for mobility. (Doc. 20 at 1-2, ¶¶ 1-4.) Thus, it is indisputable that Gastelum is disabled within the meaning of the ADA. *See Moore v. Millennium Acquisitions,* 708 Fed. App'x 485, 486 (9th Cir. 2018) (evidence that a plaintiff "physically can walk but chooses to use a wheelchair as a mobility aid does not raise a material factual dispute as to whether [the plaintiff] is disabled under the ADA"); *Lozano v. C.A. Martinez Fam. Ltd. P'ship,* 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015) (a plaintiff who used a wheelchair for mobility was "disabled" under the ADA).

### C. Standing under the ADA

Importantly, "jurisdiction is to be assessed under the facts existing when the complaint is filed." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (1992). Consequently, "[t]he requisite personal

interest"—standing—"must exist at the commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 214 (2000) (citation omitted); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 850 (9th Cir. 2007) (the court "must consider the facts as they existed at that time the complaint was filed"); *see also Langer v. Kiser*, 57 F.4th 1085, 1098 (9th Cir. 2023) ("standing ordinarily depends on the facts that exist at the time the complaint is filed") (internal quotation marks, citation omitted).

To show standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560 (omitting internal citations). An injury is "concrete and particularized" when a plaintiff suffers discrimination due to architectural barriers at a public accommodation and those barriers have deterred plaintiff from returning. *Doran v. 7-Eleven*, 524 F.3d 1034, 1041 (9th Cir. 2008).

A plaintiff suffers an "actual and imminent" injury under the ADA when he alleges "(1) that he visited an accommodation in the past; (2) that he was currently deterred from returning to the accommodation because of ADA violations; and (3) that he would return if the ADA violations were remedied." *Id.* (citing *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)). For standing purposes, an ADA plaintiff must allege sufficient facts to demonstrate that an accessibility barrier "interfere[s] with [his] 'full and equal enjoyment' of the facility" in question. *Chapman*, 631 F.3d at 947 (quoting 42 U.S.C. § 12182(a)). A barrier amounts "to such interference if it affects the plaintiff's full and equal enjoyment of the facility *on account of* his particular disability." *Id*. (emphasis added). The ADA Accessibility Guidelines ("ADAAG") "establish[] the technical standards required for 'full and equal enjoyment.'" *Id*. If a barrier violating the ADAAG standards "relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA. That discrimination satisfies the 'injury-in-fact' element." *Id*.

Defendant asserts that Gastelum "has not alleged an injury in fact." (Doc. 23-1 at 11, emphasis omitted.) According to Defendant, Gastelum "fails to allege how any alleged barrier 'relates to' his

9

own disability." (*Id.* at 12.) Defendant observes that a "[p]laintiff must do more than merely identify barriers that he encountered— he must plead how each barrier affected *him* because of his disability." (*Id.* at 11 [emphasis in original], citing *Chapman*, 631 F.3d at 954; *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 WL 6212084 (E.D. Cal. Nov. 20, 2019); *Rutherford v. Cesar's Mexican Rest., LLC*, 2019 WL 4193392 at *1 (S.D. Cal. Sept. 3, 2019).) Defendant argues Gastelum did not meet this burden, because he "does *not* allege that he used a wheelchair while visiting the Stores," although "each of the eight alleged architectural barriers are based on Gastelum … being in a wheelchair." (*Id.*, internal quotation marks omitted). Instead, Defendant contends that Gastelum "artfully pleads around this defect" because he alleges the identified barriers "relate[] to wheelchair users like the Plaintiff." (*Id.*, quoting FAC ¶¶ 11-12 [Doc. 20 at 3, emphasis omitted].) Defendant argues these allegations are "insufficient to show how the alleged barriers relate to him or that he was harmed because he was using his wheelchair when he encountered the alleged barriers." (*Id.*, emphasis omitted.)

In response, Gastelum contends his allegations are sufficient to show that "[he] suffered an injury in fact." (Doc. 25 at 11, citing *Whitaker v. Mac*, 411 F.Supp.3d 1108 (C.D. Cal. 2019).) Gastelum observes that in *Whitaker*, the court summarized the allegations as follows:

> Whitaker is a California resident with physical disabilities. (Compl. ¶ 1.) Whitaker is substantially limited in his ability to walk and requires the use of a wheelchair for mobility. (Compl. ¶ 1.) In March 2019, Whitaker visited Chevron, located at 14505 Ventura Blvd., Sherman Oaks, California. (Compl. ¶¶ 5, 10.) During his visit, Whitaker alleges that he encountered inaccessible paths of travel that do not comply with handicap accessibility requirements under the ADA. (Compl. ¶ 13.) Whitaker alleges that he will return to avail himself of goods or services but is currently deterred from visiting because of his knowledge of the existing barriers. (Compl. ¶ 20.)

(*Id.*, quoting *Whitaker*, 411 F.Supp.3d at 1111.) Gastelum observes the Central District court denied the motion to dismiss the ADA claim for lack of jurisdiction "[b]ased on these allegations." (*Id.*) Gastelum contends "the jurisdictional and standing allegations by Plaintiff in the current case are indistinguishable from Whitaker's allegations." (*Id.* at 11-12.) Thus, Gastelum argues "the same result of standing should follow" in this action. (*Id.* at 12.)

Contrary to Gastelum's assertion, the facts before the Central District in *Whitaker* are not "indistinguishable" from the matter now pending. As Gastelum acknowledged, Whitaker clearly

10

alleged that he "*requires* the use of a wheelchair for mobility." *Whitaker*, 411 F.Supp.3d at 1111 (emphasis added). In contrast, Gastelum does not allege that he is restricted to a wheelchair. Rather, Gastelum alleges he may use "a prosthetic leg and a cane" at times. (Doc. 20 at 1, ¶ 1.) Although Gastelum contends he "uses a wheelchair for mobility when locations are wheelchair accessible and a prosthetic leg and a cane when the location is not wheelchair accessible" (*id.*), these allegations fail to support a conclusion that he used a wheelchair at the identified Kohl's stores. Because Gastelum did not allege he used a wheelchair while visiting the stores, the Court is unable to conclude that the identified barriers—which Gastelum acknowledges related to "wheelchair users" (Doc. 20 at 3, ¶¶ 11, 12) — related to his disability.

As the Southern District observed in *Rutherford v. Cesar's Mexican Restaurant*, "merely cataloguing violations is not enough." *Id.*, 2019 WL 4193392 (S.D. Cal. Sept. 3, 2019) (citing *Chapman*, 631 F.3d at 954-55). Instead, a plaintiff must allege how the barriers affected him personally. For example, in *Rutherford,* the plaintiff alleged that he "at time uses a wheelchair, but at other times relies on a walker or a cane." *Id.*, at *1. The court observed: "the complaint suggested that Rutherford's injury stemmed from conditions in Defendants' restaurant parking lot that made it inaccessible for wheelchair users." *Id.* However, Rutherford "did not … allege that he ever used a wheelchair in the parking lot, or that he had any plans to do so in the future." *Id.* The court found the allegations insufficient to the extent Rutherford failed to explain how the identified barriers affected Rutherford or denied him access while using a cane. *Id.* at *2.

Likewise, here, Gastelum identifies barriers that relate to wheelchair users—such as the width of aisles, merchandise protruding from displays, and inaccessible bench— without alleging he used his wheelchair at the stores. These allegations, without more, are insufficient. *See Chapman*, 631 F.3d at 947; *see also Doran,* 524 F.3d at 1044 n.7 (holding that for purposes of standing, the plaintiff, who was a wheelchair user, "cannot challenge *all* of the ADA violations in the 7-Eleven store" and "may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store"); *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21, 2019) (finding the plaintiff failed to allege an injury-in-fact because he did "not allege how any of [the] alleged barriers relate to plaintiff's specific disability or disabilities"). Furthermore, there are no

allegations to support a conclusion that the other barriers, which related to opening various doors, relate to Gastelum's disability: the loss of part of his leg. Accordingly, the allegations in the FAC are insufficient to demonstrate Gastelum suffered an injury-in-fact, and Defendant's motion for judgment on the pleadings related to the ADA claim is **GRANTED**.[3]

### D. Claim under state law and supplemental jurisdiction

Gastelum also seeks to hold Defendant liable for violation of California's Unruh Civil Rights Act. (Doc. 20 at 6.) The Unruh Act "is a public accommodations statute that focuses on discriminatory behavior by business establishments." *Stamps v. Superior Court*, 136 Cal. App. 4th 1441, 1452 (2006) (citation omitted). The Unruh Act prohibits a "business establishment" from discriminating against any person based "their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation." Cal. Civ. Code § 51. Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each and every offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a).

#### 1. Sufficiency of the pleading

In the FAC, Gastelum relies upon the allegations made related to his ADA claim to also state a claim for a violation of the Unruh Act. (Doc. 2 at 6, ¶¶ 27-29.) Any violation of the ADA also is a violation of California's Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Molski*, 481 F.3d at 731 ("Any violation of the ADA necessarily constitutes a violation of the Unruh Act"). However, as discussed above, Plaintiff fails to allege facts sufficient to support the conclusion that he suffered any injury-in-fact under the ADA. Consequently, the Unruh Act claim also fails, and Defendant's motion for judgment on the pleadings related to the Unruh Act claim is **GRANTED**.

#### 2. Supplemental jurisdiction

When a federal court has original jurisdiction over a claim, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action … that they form part of the same case or controversy." 28 U.S.C. § 1367(a). State claims are part of the same case or controversy

---

[3] Because Gastelum failed to allege facts sufficient to conclude he suffered an injury-in-fact under the ADA, the Court declines to address the remaining arguments as to whether Gastelum has standing for injunctive relief under the ADA.

as federal claims "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Assoc.*, 387 F.3d 850, 855-56 (9th Cir. 2004) (internal quotation marks, citation omitted).

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right," and district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks, citations omitted). This discretion is codified under Section 1367(c), which provides a district court may "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This provision is "a codification of the principles of economy, convenience, fairness, and comity that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction." *Whitaker v. Mac*, 411 F.Supp.3d 1108, 1113 (C.D. Cal. 2019) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (identifying the following as relevant factors: judicial economy, convenience, fairness, and comity, which together are the "*Gibbs* values").

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under the first three provisions." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). However, the Court is required to identify why circumstances may be "exceptional" when declining jurisdiction under Section 1367(c)(4). *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021). "A district court's decision to decline supplemental jurisdiction over a state-law claim is reviewed for abuse of discretion." *Vo v. Choi*, 49 F.4th 1167, 1171-72 (9th Cir. 2022).

     a.  *Declining jurisdiction under Section 1367(c)(3)*

Defendant asserts the Court should decline supplemental jurisdiction because the ADA claim has also been dismissed. (Doc. 23-1 at 22, citing *Whitaker v. Peet's Coffee*, 2022 WL 976978, at * 3

1  (N.D. Cal. Mar. 31, 2022) [citing *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806

2  (9th Cir. 2001)]; *Gastelum v. TJX Companies*, 2022 WL 174230 at *4 (N.D. Cal. Jan. 19, 2022).)

3  Defendant observes that in *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002), the

4  Ninth Circuit determined that after a plaintiff's ADA claim was dismissed for lack of standing, the

5  "Court has no authority to retain jurisdiction over his state law claim."  (*Id.*)

6        The Court may decline supplemental jurisdiction over an Unruh Act claim that was predicated a

7  dismissed ADA claim, even where leave to amend the federal claim is granted.  *See, e.g., Strojnik v.*

8  *Hotel Circle GL Holdings, LLC*, 2019 WL 6212084, at *6 (E.D. Cal. Nov. 21, 2019) (declining to

9  exercise supplemental jurisdiction over the plaintiff's remaining state claims pursuant to Section

10  1367(c)(3) when his ADA claim failed for lack of standing, and dismissing the state claims "without

11  prejudice to their re-filing in state court"); *Razavi v. Coti*, 2018 WL 2867575, at *3 (N.D. Cal. June 11,

12  2018) (declining jurisdiction pursuant to Section 1367(c)(3) where the plaintiff failed to allege facts

13  sufficient to support a claim under the ADA, and granting leave to amend the ADA claim only).

14  Because dismissal of Gastelum's only federal claim was granted above for lack of standing, the Court

15  declines supplemental jurisdiction over the remaining state claim pursuant to Section 1367(c)(3).

16                                    b.      *Declining jurisdiction for "exceptional circumstances"*

17        A court's inquiry as to whether deny Section 1367(c)(4) involves a two-part inquiry.  *Arroyo*,

18  19 F.4th at 1210.  First, the Court must identify "why the circumstances of the case are exceptional

19  within the meaning of § 1367(c)(4)."  *Id.* (citation omitted); *see also San Pedro Hotel*, 159 F.3d at 478-

20  79 (court must explain its reasons for declining jurisdictions under Section 1367(c)(4), but not Sections

21  1367(c)(1)-(3)).  Second, to evaluate whether "there are 'compelling reasons for declining jurisdiction'

22  in a given case, the court should consider what 'best serves the principles of economy, convenience,

23  fairness, and comity which underlie the pendent jurisdiction doctrine' articulated in *Gibbs*."  *Arroyo*, 19

24  F.4th at 1210 (citing *Int'l Coll. of Surgeons*, 522 U.S. at 172-73).  The Ninth Circuit indicated these

25  "inquiries are not particularly burdensome."  *Id.* (citation omitted.)

26        Significantly, "California adopted heightened pleading requirements for Unruh Act

27  accessibility claims in an attempt to deter baseless claims and vexatious litigation" in 2012.

28  *Machowski v. Auburndale Props.*, 574 F.Supp.3d 776, 779 (C.D. Cal. 2021); *see also Vo*, 49 F.4th at

1170 (noting the state "imposed heightened pleading requirements" following the abuse of remedies under the Unruh Act). The state adopted further restrictions in 2015, after the heightened pleading requirements alone "did not substantially reduce vexatious filings." *Id.* (citing Cal. Civ. Proc. Code § 425.50). The state targeted "high-frequency litigants," which the state defined as plaintiffs who "filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Code Civ. Proc. § 425.55(b)(1). Gastelum admits he would be subject to the heightened pleading and procedural standards that now apply to the high-frequency litigants.[4] (Doc. 25 at 14-15.)

Under the law, high-frequency litigants—such as Gastelum—are now required to comply with the following requirements:

> (1) the complaint must allege whether it is filed by or on behalf of a high-frequency litigator; (2) the number of complaints alleging a construction related accessibility claim that were filed by the high frequency litigator in the past twelve months; (3) the reason the high frequency litigator was in the region of the defendant's business; and (4) the specific reason that the high frequency litigator desired access to the defendant's business.

*Malchowski*, 574 F.Supp.3d at 779 (citation omitted, modifications adopted); *see also* Cal. Civ. Proc. Code § 425.50(a)(4)(A)). The high-frequency litigants must also pay an additional $1,000 filing fee. Cal. Gov't. Code § 70616.5(a), (b). Importantly, these additional requirements appear to apply only in

---

[4] Gastelum asserts the heightened pleading and procedural standards "are pre-empted by U.S.C. Title 42, Chapter 126 (ADA) and Part 36 of the Code of Federal Regulation, in particular, 42 U.S.C. §12101(b), 28 C.F.R. §36.101 and 28 C.F.R. §36-103." (Doc. 25 at 15.) However, Gastelum cites no legal authority to support such a contention, and the argument appears to be frivolous. *See Brooke v. Yhb Long Beach, LLC*, 2022 WL 3644064, at *2 (C.D. Cal. July 15, 2022) (noting that the plaintiff argued the heightened pleading requirements were preempted under 28 C.F.R .§ 36.013(c) and finding the argument "appears to be meritless"). As the court explained in *Brooke*,
> Section 36.013(c) indicated expressly states that other laws providing greater or equal protections for disabled individuals are *not* preempted by the ADA; it does not purport to preempt any related state laws that provide less protection. In any event, the Unruh Act does not diminish the protections available under the ADA, and the state procedural hurdles Plaintiff challenges do not prevent her from filing suit under the ADA and recovering the remedies it offers in either state or federal court. The Unruh Act provides *additional* remedies in the form of civil penalties that are not available under the ADA, and Plaintiff identifies nothing in § 36.013 or elsewhere in federal law that precludes California from imposing procedural limits on the more expansive relief it offers.

*Id.* (emphasis in original). Accordingly, the Court finds Gastelum's argument regarding preemption also lacks merit. Regardless, such an argument does not affect or undermine the Court's findings herein regarding supplemental jurisdiction.

15

1  the state court, and "plaintiffs can circumvent the restrictions on high-frequency litigants by filing their
2  complaints in federal court, asserting federal question jurisdiction over the ADA claim and
3  supplemental jurisdiction over the state-law claims." *Shalyer v. 1310 PCH, LLC*, 51 F.4th 1015, 1018
4  (9th Cir. 2022) (citing *Arroyo*, 19 F.4th at 1207); *see also Vo*, 49 F.4th at 1170 ("we assume … these
5  new requirements apply *only* in California state court").

6        The Ninth Circuit—and district courts within the circuit—have recognized an increase in
7  disability access claims brought in federal court by the "high-frequency litigants" who would be subject
8  to the additional requirements before the state. *See, e.g., Arroyo*, 19 F.4th at 1211; *Shalyer*, 51 F.4th at
9  1017-18 (observing that in the Central District alone, "the number of ADA cases has ballooned from 3
10 percent of its civil docket to roughly 20 percent in recent years"); *Gilbert v. Bonfare Markets, Inc.*,
11 2023 WL 1803398, at *4 (E.D. Cal. Feb. 7, 2023) (noting "the burden the ever-increasing number of
12 [accessibility] cases poses to the federal courts"); *Arroyo v. Quach, Inc.*, 2022 U.S. Dist. LEXIS 73567,
13 at *3 (N.D. Cal. Apr. 12, 2022) ("California federal courts have experienced a large influx of cases
14 involving a federal claim under the ADA for failure to ensure that businesses are accessible to
15 customers with disabilities, alongside a state-law claim under the Unruh Act"). The Ninth Circuit
16 attributed this increase to Unruh Act plaintiffs who sought to avoid the California requirements, "by
17 filing in a federal forum in which [they] can claim these state law damages in a manner inconsistent
18 with the state law's requirements." *Arroyo*, 19 F.4th at 1211. As a result, the Ninth Circuit opined "the
19 procedural strictures that California put in place have been rendered largely toothless..." *Id.*

20       Having acknowledged the apparent avoidance by litigants who pursue their state claims in
21 federal courts, the Ninth Circuit had "little difficulty" reaching the conclusion that "the legal landscape"
22 concerning Unruh Act cases constitutes an exceptional circumstance within the meaning of Section
23 1367(c)(4). *Vo*, 49 F.4th at 1169 (citing *Arroyo*, 19 F.4th at 1214). Importantly, however, denying
24 supplemental jurisdiction a late stage in the litigation does not effectuate the values of judicial
25 economy, conveniences, fairness, and comity. *Arroyo*, 19 F.4th at 1215-16. On the other hand,
26 denying supplemental jurisdiction over an Unruh Act claim "well before … rul[ing] on the merits of the
27 ADA claim" is consistent with the *Gibbs* values, particularly comity. *Vo,* 49 F.4th at 1172-73.

28       The legal landscape addressed by the Ninth Circuit in *Arroyo*, *Vo*, and *Shalyer* demonstrate that

exceptional circumstances exist with the "high-frequency" litigants, such as Gastelum, avoiding the additional pleading requirements—and filing fee—mandated under state law by proceeding before the federal court with claims arising under the Unruh Act. The resulting increase in disability access cases has burdened the courts. Indeed, the Eastern District of California remains under a state of judicial emergency, and an increase in disability access cases strains its already limited judicial resources. Thus, the Court finds there are "exceptional circumstances" for declining supplemental jurisdiction.

Moreover, the Court finds the *Gibbs* values of judicial economy and convenience weigh in favor of declining supplemental jurisdiction over the Unruh Act claim. The matter is at an early stage in the litigation, such that the Court has not expended a significant amount of time and resources on the matter. *Compare with Arroyo*, 19 F.4th at 1214-1215 (finding the "*Gibbs* values" of judicial economy and convenience weighed in favor of retaining jurisdiction because the court had granted summary judgment on the ADA claim, which established that the defendant had violated the Unruh Act, and "it would be a sheer waste of time and resources to require that claim to be refiled in state court"); *see also Whitaker v. Eye Phone City*, 2020 WL 7065831, at *3 (C.D. Cal. Oct. 7 2020) (finding judicial economy did not weigh in favor of supplemental jurisdiction where the parties had not yet engaged in substantial discovery).

Fairness also weighs in favor of declining supplemental jurisdiction over Gastelum's Unruh Act claim. Gastelum will not be prevented from proceeding with his ADA claim before the federal court—provided he is able to establish standing—and he may seek injunctive relief to remove the encountered accessibility barriers. On the other hand, it would be unfair to Defendant to permit Gastelum to "pursue construction-related accessibility claims in this court while evading the limitations California has imposed on such claims." *See Carter v. Town Square M Props., LLC*, 2022 WL 17224720, at *5 (C.D. Cal Aug. 29, 2022) (finding fairness weighed in favor of declining jurisdiction under Section 1367(c)(4)).

Finally, comity weighs in favor of declining jurisdiction, particularly in light of the state's efforts to thwart abuse of the legal system through the filing of unverified disability access claims. *See, e.g., Arroyo,* 19 F.4th at 1215-1216 (acknowledging important comity interests, and indicating that "[i]f the district court had had declined supplemental jurisdiction over Arroyo's Unruh Act claim at the

outset of the litigation, it might then still have been possible to further California's interest in cabining Unruh Act damages claims"); *Marquez v. KBSM Hospitality Corp.*, 492 F.Supp.3d 1058, 1064 (C.D. Cal. 2020) ("To allow federal courts to become an escape hatch that allows high-frequency litigants to pursue such claims without satisfying California's requirements is an affront to the comity between federal and state courts"); *Garcia v. Maciel*, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) (where the case had "not progressed beyond threshold questions of standing and jurisdiction," comity weighed in favor of declining supplemental jurisdiction, because allowing the plaintiff to proceed before the district court would permit evasion of requirements imposed by the California legislature). Because there are "exceptional circumstances" and "compelling reasons" as described above, the Court also exercises its discretion to decline supplemental jurisdiction over Gastelum's Unruh Act claim pursuant to Section 1367(c)(4).

**VI.     Leave to Amend**

Courts have discretion to grant a motion under Rule 12(c) with leave to amend. *Chandavong*, 599 F.Supp.3d at 1020.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted).  When dismissing a complaint, "a district court should grant leave to amend … unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

The Court has insufficient information to conclude that amendment is futile at this juncture.[5] Amendment would allow Gastelum to clarify how the alleged barriers related to his disability and assist the Court in its determination of whether Gastelum suffered an injury-in-fact.  Furthermore, it

---

[5] Undoubtedly, the store will have video evidence documenting how Mr. Gastelum ambulated through the store, so, if he did not use a wheelchair, the Court strongly urges him to consider whether amendment now would comply with Rule 11.

18

does not appear amendment would cause undue delay at this juncture. Accordingly, Gastelum will be given an opportunity to file an amended complaint that cures the pleading deficiencies related to standing identified in this order. *See Strojnik v. Wickstrom Hospitality, LLC*, 2020 WL 1467067, at *7 (E.D. Cal. Mar. 25, 2020) (granting leave to amend for the plaintiff to address deficiencies identified related to standing). However, leave to amend is limited to **only** the claim arising under the ADA. As set forth above, the Court declines supplemental jurisdiction over his state law claim, which is dismissed without leave to amend.

An amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Gastelum is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d at 1474; *King v. Atiyeh*, 814 F.2d at 567. Thus, after the Second Amended Complaint is filed, the prior pleadings no longer serve any function in the case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

## VII.   Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. Defendant's motion for judgment on the pleadings (Doc. 23) is **GRANTED**.
2. Plaintiff's claim for a violation of the ADA is **DISMISSED** with leave to amend.
3. Plaintiff's claim for a violation of the Unruh Act is **DISMISSED** without leave to amend, and without prejudice to refiling before the state court.
4. Plaintiff shall file a Second Amended Complaint within thirty days of the date of service of this order.

**If Plaintiff fails to file an amended complaint, the action will be dismissed for failure to prosecute and failure to obey the Court's order.**

IT IS SO ORDERED.

Dated:   **March 19, 2023**

UNITED STATES DISTRICT JUDGE

19