1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FERNANDO GASTELUM,                    Case No.  1: 21-cv-01740-JLT-BAM

12              Plaintiff,                  **FINDINGS AND RECOMMENDATIONS
                                            REGARDING (1) DEFENDANT'S
13        v.                                MOTION TO STRIKE NEW CLAIMS IN
                                            PLAINTIFF'S SECOND AMENDED
14   KOHL'S INC.,                           COMPLAINT AND FOR DISMISSAL OF
                                            ORIGINAL CLAIMS FOR FAILURE TO
15              Defendant.                  STATE A CLAIM, OR IN THE
                                            ALTERNATIVE FOR SUMMARY
16                                          JUDGMENT AND DISMISSAL
                                            PURSUANT TO THE COURT'S POWER
17                                          TO SANCTION AND (2) PLAINTIFF'S
                                            CROSS MOTION FOR SUMMARY
18                                          JUDGMENT**

19                                          (Docs. 38, 40)

20                                          FOURTEEN-DAY DEADLINE

21

22        Currently pending before the Court is Defendant Kohl's Inc.'s motion to strike, or in the

23   alternative, dismissing or granting judgment on Plaintiff Fernando Gastelum's second amended

24   complaint.  (Doc. 38.)  Plaintiff filed an opposition and cross motion for summary judgment on

25   May 4, 2023.  (Doc. 40.)  Defendant replied on May 12, 2023.  (Doc. 41.)  The motions were

26   referred to the undersigned for findings and recommendations.  (Doc. 43.)  The matter was

27   deemed submitted on the papers.  (Doc. 42.)

28
                                             1

Having considered the record and briefing in this matter, the Court will recommend granting Defendant's motion to strike certain allegations and claims in the second amended complaint, granting Defendant's motion to dismiss second amended complaint without leave to amend, and denying the parties' motions for summary judgment as moot.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.   Original Complaint

Plaintiff, proceeding pro se, initiated the present action pursuant to the Americans with Disabilities Act ("ADA") and California civil rights law against Defendant on December 8, 2021. Plaintiff resides in Casa Grande, Arizona.  (Doc. 1 at 1.)  He reports that he is "missing a leg" and uses "a wheelchair for mobility."  (*Id.* at 1, ¶ 1.)   Plaintiff alleges he visited the Kohl's store located at 9400 Rosedale Highway in Bakersfield, California ("Bakersfield store") on July 1, 2021.[1]  (*Id.* at 1, ¶¶ 2-3.)  According to Plaintiff, when he visited the Bakersfield store, he "noted it was not compliant" in various respects "with the Americans with Disabilities Act and the California's civil rights laws and California disabled person's law."  (*Id.* at 1, ¶ 4.)

Defendant answered the complaint on January 19, 2022.  (Doc. 5.)

On March 28, 2022, Plaintiff sought leave to amend his complaint to  (1) state the true name of Defendant; (2) add standing allegations; and (3) add additional barriers to accessibility experienced by Plaintiff at the Kohl's store located at 808 E. Danenberg Drive in El Centro, California ("El Centro store"), which Plaintiff visited on February 24, 2022.  (Doc. 13.) Defendant filed a statement of non-opposition to the motion, which the Court granted on October 13, 2022.  (Docs. 18, 19.)

### B.   First Amended Complaint

Plaintiff's first amended complaint ("FAC") was filed on October 13, 2022.  (Doc. 20.)  In the FAC, Plaintiff reports that he is "missing a leg" and "uses a wheelchair for mobility when locations are wheelchair accessible and a prosthetic leg and a cane when the location is not wheelchair accessible."  (Doc. 20 at 1, ¶ 1.)  Plaintiff alleges he visited the Kohl's Bakersfield

---

[1] In subsequent complaints, Plaintiff alleges he visited the Bakersfield store on July 2, 2021.  (*See* Doc. 20 at 2, ¶¶ 5, 10; Doc. 37 at 3, ¶ 12 and 8, ¶ 26.)

store on July 2, 2021, and the Kohl's El Centro store on February 24, 2022.  (*Id.* at 2, ¶¶ 5, 10.)

According to Plaintiff, when he visited the Bakersfield and El Centro stores, he discovered that each of the stores was "not compliant with the disability access laws in conformance with the ADA Standards as it relates to wheelchair users like the Plaintiff."  (Doc. 20 at 3, ¶¶ 11, 12.) Specifically, Plaintiff asserts he identified the following barriers at the Bakersfield store:

    a.   The operable part of the restroom door requires the twisting of the wrist to operate.  This condition makes it more difficult for Plaintiff to open the door.  This condition violates accessibility standards at 309.4.

    b.   Fitting room door requires twisting of the wrist.  This condition makes it more difficult for Plaintiff to open the door.  This condition violates accessibility standards at 309.4.

    c.   Clear width of accessible routes was less than 36" between displays of merchandise.  This condition makes it more difficult for Plaintiff to move between displays of merchandise.  This condition violates accessibility standards at 403.5.1.

    d.   There are numerous protruding objects that reduce clear width of accessible routes between rows of merchandising displays.  This condition makes it more difficult for Plaintiff to move between the rows of merchandise.  This condition violates accessibility standards at 307.5.

    e.   The benches near the entrance are completely inaccessible to a wheelchair which makes it impossible for Plaintiff to use them.

(*Id.* at 3, ¶ 11.)  Plaintiff asserts he identified the following barriers at the El Centro store:

    a.   Clear width of accessible routes was less than 36" between displays of merchandise.  This condition makes it more difficult for Plaintiff to move between displays of merchandise.  This condition violates accessibility standards at 403.5.1.

    b.   The operable part of the fitting room door requires the twisting of the wrist to operate.  This condition makes it more difficult for Plaintiff to open the door.  This condition violates accessibility standards at 309.4.

    c.   The bathroom door requires the push-pull force greater than 5 lbs.  This condition makes it more difficult for plaintiff to open the door.  This condition violates accessibility standards at 309.4.2.

(*Id.* at 3-4, ¶ 12.)  Plaintiff alleges he "personally encountered these barriers," and they "relate to and impact [his] disability." (*Id.* at 4, ¶ 13.)  He asserts that "[b]y failing to provide accessible facilities, the defendants denied the plaintiff full and equal access." (*Id.* at 4, ¶ 15.)

Plaintiff additionally alleges he "is often in the area where the Stores are located." (Doc.

20 at 4, ¶ 19.)  He contends that he "will return to the Stores to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Stores are accessible." (*Id.*, ¶ 20.) According to Plaintiff, he "is currently deterred … because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers at the Stores." (*Id.*)  Plaintiff's FAC included claims for violation of the ADA and for violation of California's Unruh Civil Rights Act.  (*Id.* at 5-7.)

Defendant answered the FAC on April 28, 2022, (Doc. 21), and filed an amended answer on May 9, 2022, (Doc. 22).

On June 14, 2022, Defendant filed a motion seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing Plaintiff lacked standing to pursue his claims and the court lacked subject matter jurisdiction.  (Doc. 23.)  Plaintiff opposed the motion.  (Doc. 25.)

On March 20, 2023, the district court granted Defendant's motion for judgment on the pleadings.  (Doc. 36.)  The court determined that the allegations in the FAC were insufficient to demonstrate that Plaintiff suffered an injury-in-fact necessary to demonstrate standing for purposes of his ADA claim.  (*Id.* at 12.)  In so doing, the court explained that because Plaintiff did not allege he used a wheelchair while visiting the stores, the court was "unable to conclude that the identified barriers—which Gastelum acknowledges related to 'wheelchair users' (Doc. 20 at 3, ¶¶ 11, 12)—related to his disability." (*Id.* at 11.)  As detailed by the court, Plaintiff "identified barriers that related to wheelchair users—such as the width of aisles, merchandise protruding from displays, and inaccessible bench—without alleging that he used his wheelchair at the stores." (*Id.* at 11.)  Plaintiff also included no allegations to support a conclusion that the other barriers, which related to opening various doors, related to his disability:  the loss of part of his leg.  (*Id.* at 12.)  The court therefore dismissed Plaintiff's claim for a violation of the ADA, but granted him an "opportunity to file an amended complaint that cures the deficiencies related to standing identified in [the court's] order." (*Id.* at 19.)  The court also dismissed Plaintiff's claim for a violation of California's Unruh Act without leave to amend, but without prejudice to refiling before the state court.  (*Id.*)

### C. Second Amended Complaint[2]

Plaintiff filed a second amended complaint ("SAC") on April 10, 2023.  (Doc. 37.)  In the SAC, Plaintiff reports that he is "missing his left leg" and "his impairment has been ameliorated by mitigating measures, including:  a.  The use of wheelchair; or b.  Prosthetic leg and a cane." (*Id.* at 1, ¶¶ 2, 4.)  Plaintiff alleges he is a frequent shopper at Kohl's stores, and he shopped at Kohl's stores more than 20-30 times prior to August 2021.  (*Id.* at 4, ¶¶ 20, 21.)  He reportedly began taking photographs of Kohl's stores at the following locations on the following dates: 9400 Rosedale Highway in Bakersfield, California on 7/2/2021 and 11/17/2022; 303 E. Danenberg Drive in El Centro, California on 2/24/2022 and 7/31/2022; 2701 Ming Avenue in Bakersfield California on 11/17/2022; 1479 E. 2nd Street in Beaumont, California on 8/11/2021 and 11/18/2022; 1051 N. Milliken Avenue in Ontario, California on 1/24/2023; and 5611 Sta. Theresa Boulevard in San Jose, California on 1/25/2023.  (*Id.* at 5, ¶ 24.)  According to Plaintiff, during each visit he noted that "each store failed to provide a 36" wide space between the rows of merchandise in violation of accessibility standards at 403.5.1."  (*Id.* at 5, ¶ 25.)

Plaintiff alleges that he visited the Kohl's Bakersfield store on July 2, 2021, and then again on November 17, 2022, and the Kohl's El Centro store on February 24, 2022, and again on July 31, 2022.  (Doc. 37 at 8, ¶ 27; 10, ¶ 35; 13, ¶ 42; 15, ¶ 50.)

Plaintiff asserts that he shopped at the Bakersfield store on July 2, 2021, he had a specific intent to return to the store and did so on November 17, 2022, and he "used his wheelchair while shopping."  (*Id.* at 8, ¶¶ 17-29.)  Plaintiff alleges that he noted the following architectural barrier:

> a.  The clear width of accessible routes between rows of merchandise were less than 36 inches.  This condition made it more difficult for Plaintiff to move between the rows of merchandise and shop in his wheelchair *or* with the aid of the prosthesis and the cane.

(*Id.* at 9-10, ¶ 30.)  Plaintiff further asserts that he returned and shopped at the Bakersfield store on November 17, 2022, and "used his wheelchair while shopping."  (*Id.* at 10-11, ¶¶ 35, 36.) Plaintiff again alleges that he encountered the same architectural barrier regarding width of

---

[2] The SAC includes numerous photographs purporting to support Plaintiff's allegations.

accessible routes between rows of merchandise.  (*Id.* at 11, ¶ 37.)  Plaintiff contends that he is

unable to maneuver his wheelchair *or* with the prosthesis and a cane in the narrow spaces

between rows of merchandise.  (*Id.* at 10, ¶ 31; 12, ¶ 38.)

Additionally, Plaintiff alleges that he shopped at the Kohl's El Centro store on February

24, 2022.  (Doc. 37 at 13, ¶ 42.)  Plaintiff reports he "requested his son to go into the store to

determine whether it was accessible for Plaintiff in his wheelchair.  Plaintiff's son discovered that

the Store . . . was not compliant with the disability access laws in conformance with the ADA as

it relates to wheelchair users like the Plaintiff."  (*Id.* at 13, ¶ 44.)  Plaintiff asserts his son advised

him of the following barriers:

> a.  The clear width of accessible routes between rows of merchandise
>     were less than 36 inches.  This condition made it more difficult for
>     Plaintiff to move between the rows of merchandise and shop in his
>     wheelchair *or* with the aid of the prosthesis and the cane.
>
> b.  Restroom door required greater than 5 lbs of force to open.  For
>     reasons stated above, this condition made it more difficult for Plaintiff
>     to open the restroom door to use the facility in his wheelchair *or* by the
>     use of the prosthesis with the aid of a cane.

(*Id.* at 13-14, ¶ 45.)  Plaintiff claims he is "unable to maneuver his wheelchair *or* with the

prosthesis and a cane in the narrow spaces between rows of merchandise *or* exert necessary

pressure on the door to open the bathroom door, either from his wheelchair *or* with his prosthesis

and a cane."  (*Id.* at 14-15, ¶ 46.)  Plaintiff further asserts that he returned to the El Centro store

on July 31, 2022, and "used his wheelchair while shopping."  (Doc. 37 at 15, ¶ 50.)  Plaintiff

alleges he noted the following architectural barrier:

> a.  The clear width of accessible routes between rows of merchandise
>     were less than 36 inches.  This condition made it more difficult for
>     Plaintiff to move between the rows of merchandise and shop in his
>     wheelchair *or* with the aid of the prosthesis and the cane.

(*Id.* at 15, ¶ 52.)

The SAC forwards claims for violation of the ADA, the Unruh Act, and the California

Disabled Persons Act.  (Doc. 37 at 18-21.)

On April 24, 2023, Defendant filed the instant motion, and seeks to strike the new

allegations in Plaintiff's SAC under Rule 12(f) and dismiss the original allegations.  In the alternative, Defendant requests the Court either dismiss the SAC in its entirety under Rule 12(b)(6) for failure to establish standing, dismiss the SAC in part related to the original visit to the El Centro store, or grant summary judgment in Defendant's favor on Plaintiff's original store visits under Rule 56 and dismiss the remainder of the SAC with prejudice because Plaintiff reportedly makes false allegations regarding his alleged wheelchair use and store visits.  (Doc. 38-1.)  Plaintiff opposes the motion and seeks summary judgment against Defendant.  (Doc. 40.)

## II.    DEFENDANT'S MOTION TO STRIKE NEW ALLEGATIONS

### A.  Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may, by motion or on its own initiative, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). A decision on whether to strike certain material is committed to the sound discretion of the district court. *Id.*; *Fed. Sav. & Loan Ins. Corp. v Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

### B.  Analysis

Defendant argues that Plaintiff's SAC exceeds the scope of amendment permitted by the district court.  In particular, Defendant contends that instead of properly correcting the deficiencies related to standing, Plaintiff's SAC asserts new visits to the Kohl's stores at issue, (*see* Doc. 37 at 8, ¶¶ 26, 28; 10-13, ¶¶ 35-41; 15-17, ¶¶ 50-56), alleges claims under the Unruh Act despite the district court's explicit declination of supplemental jurisdiction regarding that claim, and adds a new claim under the California Disabled Persons Act.  Defendant argues that because the district court specifically limited Plaintiff's leave to amend to correct deficiencies related to standing in his ADA claim, all of Plaintiff's claims relating to (1) his two new alleged store visits, (2) the Unruh Act, and (3) the California Disabled Persons Act must be stricken under

1   Rule 12(f).  (Doc. 38-1 at 13-14.)

2        "Generally, a court looks to the language of the prior order to determine whether leave to

3   amend was granted with or without limitation."  *Jimenez v. Buttiegieg*, No. 2:19-cv-01458-TLN-

4   KJN, 2023 WL 2717503, at *6 (E.D. Cal. Mar. 30, 2023) (citing *Jameson Beach Prop. Owners*

5   *Ass'n v. United States*, No. 2:13-cv-01025-MCE, 2014 WL 4925253, at *3 (E.D. Cal. 2014)).

6   Where a prior court order granted limited leave to amend, district courts in this circuit generally

7   strike or dismiss new claims or parties contained in an amended complaint when the plaintiff did

8   not seek leave to amend.  *White v. City of W. Sacramento*, No. 2:20-cv-02383-MCE-AC, 2022

9   WL 16748701, at *2 (E.D. Cal. Nov. 7, 2022); *Jameson*, 2014 WL 4925253, at *3.  Indeed, when

10  the language of an order "clearly states that a plaintiff may only amend to address certain

11  deficiencies identified in the order, courts have held that a plaintiff is barred from adding new

12  claims or parties."  *Id.* at *4.  District courts have "frequently exercised their power under Rule

13  12(f) to strike pleadings that exceed the scope of a permitted amendment."  *Cholakyan v.*

14  *Mercedes-Benz USA, LLC*, No. CV 10-05944 MMM (JCx), 2012 WL 12861143, at *7 (C.D. Cal.

15  Jan. 12, 2012) (collecting cases).

16       In the district court's prior order, the court granted Defendant's motion for judgment on

17  the pleadings, but indicated Plaintiff would "be given an opportunity to file an amended

18  complaint that cures the pleading deficiencies related to standing identified in [the court's] order."

19  (Doc. 36 at 19.)  However, the court explicitly stated, "leave to amend is limited to **only** the claim

20  arising under the ADA."  (*Id.*) (emphasis in original).  The district court also declined

21  supplemental jurisdiction over Plaintiff's state law Unruh Act claim, dismissing it "without leave

22  to amend, and without prejudice to refiling before the state court."  (*Id.*)

23       In the prior order, the district court was specific about the purpose of amending the

24  complaint; that is, only to cure the pleading deficiencies related to standing as to Plaintiff's claim

25  arising under the ADA. Within the order itself, the court found the allegations in the FAC

26  insufficient to demonstrate Plaintiff suffered an injury-in-fact.  The court specifically identified

27  the deficiencies to be cured with respect to the ADA claim, explaining that "Gastelum identifies

28  barriers that relate to wheelchair users—such as the width of aisles, merchandise protruding from

1    displays, and inaccessible bench—without alleging he used his wheelchair at the stores," (*id.* at

2    11), and concluding there were "no allegations to support a conclusion that the other barriers,

3    which related to opening various doors, relate to Gastelum's disability:  the loss of part of his

4    leg," (*id.* at 11-12).

5         The Court agrees with Defendant that the newly added visits to the Bakersfield store and

6    El Centro store, the renewed Unruh Act claim, and the new claim under the California Disabled

7    Persons Act exceed the scope of the limited leave to amend the district court granted in its prior

8    order on Defendant's motion for judgment on the pleadings.  (*See* Doc. 36 at 11-12, 19.)

9         Plaintiff appears to argue that the district court dismissed his federal and state law claims

10   solely as they relate to architectural barriers, but not for non-architectural claims, such as

11   discriminatory policies, practices, and procedures.  (Doc. 37 at 4, ¶ 17 ("The Court has

12   discretionary supplemental jurisdiction.  The Court has previously declined supplemental

13   jurisdiction over allegations of architectural barriers, but, to the best of Plaintiff's understanding,

14   did not decline supplemental jurisdiction over non-architectural Unruh policy violations"); Doc.

15   40 at 3 ("The Court dismissed Plaintiff's federal and state law claims based solely on subject

16   matter jurisdiction ground, and only as these claims relate to architectural barriers."), 10-11.)

17   This argument is neither persuasive nor a fair reading of the district court's prior order.  The leave

18   granted by the district court was expressly limited to the injury-in-fact allegations of the ADA

19   claim, not any other claims or allegations.

20        Further, Plaintiff did not request leave to amend to add the new visits, to reassert an Unruh

21   Act claim, or to add a claim under the California Disabled Persons Act and is barred from adding

22   them without the court's leave.  *See* Fed. R. Civ. P. 15(a)(2).  Even if Plaintiff had requested such

23   leave to amend, it would not be appropriate in the present circumstances.

24        The deadline to amend the pleadings in this action, whether by motion or stipulation,

25   expired on May 12, 2022.  (Doc. 12.)  As a result, the Court applies the standard for amending a

26   scheduling order under Federal Rule of Civil Procedure 16, before evaluating whether

27   amendment is appropriate under Rule 15.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294

28   (9th Cir. 2000) (finding district court correctly addressed motion for leave to amend under Rule

9

1    16 because it had issued a pretrial scheduling order that established a timetable for amending the

2    pleadings and the motion was filed after the deadline had expired); *Jackson v. Laureate, Inc.*, 186

3    F.R.D. 605, 607 (E.D. Cal. 1999) ("[O]nce the district court has filed a pretrial scheduling order

4    pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to

5    amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

6            Under Rule 16(b), a scheduling order "may be modified only for good cause and with the

7    judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v.*

8    *Salem*, No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests

9    to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil

10   Procedure, which provides that a court may modify a scheduling order 'only for good cause.'").

11   The good cause inquiry under Rule 16(b) primarily considers the diligence of the party seeking to

12   modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

13   1992).  If there is good cause to modify the scheduling order pursuant to Rule 16(b), then the

14   court will "turn to Rule 15(a) to determine whether the movant's requested amendment to the

15   pleading should be granted." *Ramos v. FCA US LLC*, No. 1:17-CV-00973, 2019 WL 2106172, at

16   *5 (E.D. Cal. May 14, 2019) (citing *Jackson*, 186 F.R.D. at 607).

17           The Court does not find the requisite good cause.  There is no indication of diligence to

18   support amendment, whether for the store "revisits" in 2022, the reassertion of the Unruh Act

19   claim, or the addition of the California Disabled Persons Act claim.  Plaintiff provides no

20   explanation as to why the theories underlying his Unruh Act claim or his assertion of a claim

21   under the California Disabled Persons Act could not have been made prior to expiration of the

22   amendment deadline.  Further, Plaintiff seemingly chose to "revisit" the Bakersfield and El

23   Centro stores only after expiration of the non-expert discovery deadline on July 28, 2022.  (Doc.

24   12.)  Plaintiff made no attempt to amend the scheduling order or amend his complaint to add

25   these claims until April 10, 2023, after the district court granted Defendant's motion for judgment

26   on the pleadings.

27           Even assuming *arguendo* good cause exists to amend the scheduling order, the relevant

28   factors weigh against leave to amend under Rule 15.  Federal Rule of Civil Procedure 15(a)

1    provides:

2        A party may amend its pleading once as a matter of course no later than:
         (A) 21 days after serving it; or (B) if the pleading is one to which a
3        responsive pleading is required, 21 days after service of a responsive
         pleading or 21 days after service of motion under Rule 12(b), (e) or (f),
4        whichever is earlier.

5    Fed. R. Civ. P. 15(a)(1).  In all other cases, including the case here, a party may amend it pleading

6    only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).  A

7    court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The

8    United States Supreme Court has stated:

9        [i]n the absence of any apparent or declared reason—such as undue delay,
         bad faith or dilatory motive on the part of the movant, repeated failure to
10       cure deficiencies by amendments previously allowed, undue prejudice to
         the opposing party by virtue of allowance of the amendment, futility of
11       amendment, etc.—the leave sought should, as the rules require, be "freely
         given."
12

13   *Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the

14   merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*,

15   649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to

16   pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979

17   (9th Cir. 1981).

18       Courts consider five factors in determining whether justice requires allowing amendment

19   under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment,

20   and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d

21   1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.

22   1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)).

23   These factors are not of equal weight as prejudice to the opposing party has long been held to be

24   the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v.*

25   *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the

26   consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v.*

27   *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the

28   most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a

presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

### Prejudice

Beginning with prejudice, the Court notes that the deadline to amend expired on May 12, 2022, fact discovery closed on July 28, 2022, and expert discovery closed on April 21, 2023. (Docs. 12, 33.)  If Plaintiff were allowed leave to amend to allege new visits to the stores and a new claim, Defendant would not be able to conduct further discovery unless the Court were to re-open discovery.  Even if the Court were to reopen discovery, Defendant would then be required to expend additional time and resources to address the new allegations.  As suggested by Defendant, "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Coleman*, 232 F.3d at 1295 (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). Plaintiff failed to reply to Defendant's argument as to prejudice and his cross motion does not address whether additional discovery would be required. The Court therefore finds that Defendant would be prejudiced by the amendments not expressly authorized by the district court.  This factor weighs strongly against amendment.

### Undue Delay

In evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388.

Here, the record demonstrates that Plaintiff was aware of any claims or theories relative to his Unruh Act or California Disabled Persons Act claims at the time of filing his original complaint on December 8, 2021.  (Doc. 1 at 1, ¶ 4 ("When I came there, I noted that it was not compliant with the Americans with Disabilities Act and the California's civil rights laws and California disabled person's law.").)  Plaintiff offers no explanation as to his delay in seeking to add such claims or alternative theories for relief at least by the time Plaintiff filed the FAC in April 2022.  Additionally, Plaintiff offers no apparent explanation for re-visiting the stores after the deadline to seek amendment of his pleadings or why he delayed in seeking amendment to add

1    those visits.  The Court finds that the undue delay factor weights against amendment.

2           Bad Faith

3           A motion to amend is made in bad faith when there is evidence of a wrongful motive. *See*

4    *Mendoza v. Cty. of Kings*, No. 1:21-cv-00721-JLT-BAM, 2023 WL 6626170, at *5 (E.D. Cal.

5    Oct. 11, 2023); *see also DCD Programs Ltd. v. Leighton*, 833 F.2d at 187 ("Since there is no

6    evidence in the record which would indicate a wrongful motive, there is no cause to uphold the

7    denial of leave to amend on the basis of bad faith"); *Trujillo v. SSSC, Inc.*, No. 1:21-cv-01691-

8    ADA-BAM, 2023 WL 346801, at *3 (E.D. Cal. Jan. 20, 2023) (finding nothing to suggest motion

9    to amend made in bad faith in the absence of evidence of any wrongful motive); *Pizana v.*

10   *SanMedica Int'l LLC*, --- F.R.D.. ---, 2022 WL 1241098, at *10 (finding no bad faith in absence

11   of evidence of any wrongful motive).

12          Defendant argues that Plaintiff's motivation for adding entirely new store visits to his

13   SAC is an attempt "to shore up his admittedly false original allegations by adding additional visits

14   to the subject Stores."  (Doc. 38-1 at 15.)  Defendant contends that Plaintiff's bad faith actions

15   warrant complete dismissal of the new allegations and claims in his SAC.  (*Id.*)  While Defendant

16   may be correct that Plaintiff is attempting to "shore up" his allegations by adding additional

17   visits, the Court declines to attribute a bad faith motive to Plaintiff's efforts at this juncture.  This

18   factor therefore does not weigh against amendment.

19          Futility

20          The Ninth Circuit has articulated the test for futility as when "no set of facts can be proved

21   under the amendment to the pleadings that would constitute a valid and sufficient claim or

22   defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citing *Sweaney*

23   *v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)).

24          Defendant contends that Plaintiff's attempt to add additional visits is futile and does not

25   support standing.  Defendant argues that Plaintiff cannot create after-the-fact standing by making

26   additional visits to the stores as standing is assessed under the facts existing when the complaint

27   is filed, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (1992).  (Doc. 38-1 at 15-

28   16.)

As Defendant indicates, and the district court previously stated, "jurisdiction is to be assessed under the facts existing when the complaint is filed." *Lujan*, 504 U.S. at 570 n.4. Consequently, "[t]he requisite personal interest"—standing—"must exist at the commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 189 (2000) (citation omitted); *see also Langer v. Kiser*, 57 F.4th 1085, 1098 (9th Cir. 2023) ("standing ordinarily depends on the facts that exist at the time the complaint is filed") (internal quotation marks, citation omitted).

The district court previously concluded that Plaintiff's allegations in the FAC were insufficient to demonstrate that Plaintiff suffered an injury-in-fact. (Doc. 36 at p. 12.) Because standing is based on the time of filing the action (or in the case of the El Centro store, the time of filing the FAC on April 13, 2022), Plaintiff's allegations regarding return or subsequent visits to the Bakersfield store on November 17, 2022, or the El Centro store on July 31, 2022, cannot be used to cure the pleading deficiencies relative to an injury-in-fact, i.e., use of a wheelchair during his visits. The Court therefore concludes that this factor weighs against amendment.[3]

Previous Amendments

Plaintiff previously amended his complaint by stipulation of the parties. (Doc. 20.) Plaintiff also was granted an additional opportunity by the district court to cure the deficiencies in his complaint relative to his ADA claim. (Doc. 36.) As Plaintiff has had multiple opportunities to amend the complaint, the Court finds that this factor weighs against further amendment. The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen v. Cty. of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Because the district court was specific about the purpose of the limited leave granted and further leave to amend is not warranted, the Court will recommend that Defendant's motion to strike be GRANTED and Plaintiff's (1) two new alleged store visits (*see*, *e.g.*, Doc. 37 at 8, ¶¶ 26,

---

[3] In light of the futility of adding additional or subsequent visits to cure standing issues related to injury-in-fact, the Court declines to assess the futility of amendment as to Plaintiff's state law claims. The Court notes, however, that leave to amend to add state law claims likely would be futile based on the district court's decision to decline supplemental jurisdiction particularly with respect to the Unruh Act claim. (Doc. 36 at 12-19.)

28; 10-13, ¶¶ 35-41; 15-17, ¶¶ 50-56), (2) the Unruh Act claim, and (3) the California Disabled Persons Act claim be STRICKEN from the SAC under Rule 12(f).

### III.   DEFENDANT'S MOTION TO DISMISS

#### A.   <u>Legal Standard</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). However, the court need not credit "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

### B. **Analysis**

Defendant appears to suggest that if the Court grants the motion to strike, then the original claims in the FAC should be dismissed.  (*See* Doc. 38-1 at 1.)  However, the Court does not recommend striking the SAC in its entirety, only those allegations related to the second visits to the Bakersfield and El Centro stores, the Unruh Act claim, and the California Disabled Persons Act claim.  With those limitations in mind, the Court finds it appropriate to first consider Defendant's argument that Plaintiff's SAC should be dismissed in part because it fails to cure the omission of wheelchair use in his original visit to the El Centro store on February 24, 2022, for purposes of standing.

### 1.   El Centro Store Visit on February 24, 2022 – No Injury-in-Fact Alleged

To show standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560 (omitting internal citations). An injury is "concrete and particularized" when a plaintiff suffers discrimination due to architectural barriers at a public accommodation and those barriers have deterred plaintiff from returning. *Doran v. 7-Eleven*, 524 F.3d 1034, 1041 (9th Cir. 2008). A plaintiff suffers an "actual and imminent" injury under the ADA when he alleges "(1) that he visited an accommodation in the past; (2) that he was currently deterred from returning to the accommodation because of ADA violations; and (3) that he would return if the ADA violations were remedied." *Id.* (citing *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)). For standing purposes, an ADA plaintiff must allege sufficient facts to demonstrate that an accessibility barrier "interfere[s] with [his] 'full and equal enjoyment' of the facility" in question. *Chapman*, 631 F.3d at 947 (quoting 42 U.S.C. § 12182(a)). A barrier amounts "to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Id.* (emphasis added).

In the SAC, Plaintiff alleges he shopped at the Kohl's El Centro store on February 24,

2022.  (Doc. 37 at 13, ¶ 42.)  On the date of that visit, "Plaintiff requested his son to go into the store to determine whether it was accessible for Plaintiff in his wheelchair.  Plaintiff's son discovered that the Store . . . was not compliant with the disability access laws in conformance with the ADA as it relates to wheelchair users like the Plaintiff."  (*Id.* at 13, ¶ 44.)  "Plaintiff's son advised that the store was not compliant with the ADA" in the following respects:

> a.  The clear width of accessible routes between rows of merchandise were less than 36 inches.  This condition made it more difficult for Plaintiff to move between the rows of merchandise and shop in his wheelchair *or* with the aid of the prosthesis and the cane.
>
> b.  Restroom door required greater than 5 lbs of force to open.  For reasons stated above, this condition made it more difficult for Plaintiff to open the restroom door to use the facility in his wheelchair *or* by the use of the prosthesis with the aid of a cane.

(*Id.* at 13-14, ¶ 45.)  Plaintiff further alleges that "[u]pon return to the Store . . . Plaintiff will again use his wheelchair."  (*Id.* at 15, ¶ 47.)

While Plaintiff attempts to imply that he shopped in the store and used his wheelchair, the SAC does not specifically allege that Plaintiff used his wheelchair on that date or that he entered the store and encountered barriers.  Rather, Plaintiff's allegations indicate that he requested his son go into the store and relate to information relayed to Plaintiff by his son.  Plaintiff's allegations, without more, are insufficient to demonstrate an injury-in-fact.  When a plaintiff fails to plead facts setting forth the barriers encountered, the allegations are insufficient to establish standing.  *See Chapman*, 631 F.3d at 954-55.  The Court therefore recommends that Defendant's motion to dismiss Plaintiff's allegations and claims related to his February 23, 2022 visit the El Centro store be GRANTED, and those allegations and claims be dismissed without leave to amend as it appears Plaintiff can allege no set of facts to cure the deficiency.

2.  <u>Threat of Future Harm</u>

Defendant alternatively argues that even accepting the new allegations and claims, the SAC should be dismissed because Plaintiff cannot establish standing based on a real and immediate threat of repeated injury.  (Doc. 38-1 at 17.)  Given the Court's recommendation that Defendant's motion to strike be granted and the allegations and claims relating to the El Centro

17

1   store be dismissed, the Court limits its discussion of Defendant's standing argument to the

2   Bakersfield store.[4]

3          In addition to pleading an injury-in-fact, an ADA plaintiff's complaint must also establish

4   standing to pursue injunctive relief, which is the only form of relief available to private ADA

5   plaintiffs. *Chapman*, 631 F.3d at 946. Standing for injunctive relief requires a plaintiff to

6   demonstrate "a real and immediate threat of repeated injury in the future." *Chapman*, 631 F.3d at

7   946; *see id.* at 949 ("Article III...requires a sufficient showing of likely injury in the future related

8   to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular

9   plaintiff rather than the rights of third parties." (footnote omitted)).  The Ninth Circuit recognized

10  a plaintiff seeking injunctive relief under the ADA can show a likelihood of future injury in one

11  of two ways: (1) by showing "he intends to return to a noncompliant accommodation and is

12  therefore likely to reencounter a discriminatory architectural barrier," or (2) by demonstrating

13  "sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him

14  from returning to a noncompliant accommodation." *Id.* at 950.

15                            a.    Intent to Return

16         Intent to return requires a plaintiff  to "demonstrate[ ] an intent to return to the geographic

17  area where the accommodation is located and a desire to visit the accommodation if it were made

18  accessible." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008); *see*

19  *also Rutherford v. Evans Hotels, LLC*, No. 18-435, 2020 WL 5257868, at *17 (S.D. Cal. Sept. 3,

20  2020) (citations omitted). Courts often examine the following factors to determine "intent to

21  return: (1) the proximity of the place of public accommodation to plaintiff's residence, (2)

22  plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to

23  return, and (4) the plaintiff's frequency of travel near defendant." *Rutherford*, 2020 WL 5257868,

24  at *17 (quoting *Antonio v. Vanareth Kim Yi*, No. 2:14-4323, 2015 WL 13603781, at *2 (C.D. Cal.

25  Mar. 4, 2015) (collecting cases)).

26         The SAC's only non-stricken assertions relevant to this subject is that Plaintiff "will return

27  _____

28  [4]  The Court notes that its analysis would be equally applicable as to both the Bakersfield store and the El
    Centro store.

to the Stores yet again . . . to avail himself of its goods and services and to determine compliance with the disability access law once it is represented to him that the Stores in issue here . . . are accessible." (Doc. 37 at 18, ¶ 61.)  A blanket allegation that Plaintiff intends to return to the store, without more, is insufficient.  *See Gastelum v. Burlington Stores, Inc.*, No. 23-CV-2091-CAB-DEB, 2024 WL 389229, at *3 (S.D. Cal. Feb. 1, 2024).  In his opposition, Plaintiff argues that his second visit to the store "confirms his actual intent to return." (Doc. 40 at 11.)  However, even if the Court considered Plaintiff's past patronage, there is no indication of how regularly Plaintiff visits the Bakersfield area (or El Centro area) from Arizona or that he would return to the area on any particular future date. "Regarding the first factor, generally, if the plaintiff resides over one hundred miles away from the place of public accommodation, 'the distance subverts a professed intent to return.' " *Strojnik v. Four Sisters Inns, Inc.,* No. 2:19-CV 02991 ODW JEMX, 2019 WL 6700939, at *4 (C.D. Cal. Dec. 9, 2019) (*quoting Antonio v. Yi*, No. 2:14-CV-04323-SVW (ASx), 2015 WL 13603781, at *2 (C.D. Cal. Mar. 4, 2015).  Thus, the Court finds that the SAC does not sufficiently allege an intent to return.

### b.   Deterrence

Alternatively, an ADA plaintiff who "has visited a public accommodation on a prior occasion demonstrates a real and immediate threat if he is currently deterred from visiting that accommodation by accessibility barriers." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (citation omitted).  Notably, "[t]o establish standing based on deterrence, an ADA plaintiff must demonstrate that he would return but for the barrier." *Feezor v. Sears, Roebuck & Co*., 608 F. App'x 476, 477 (9th Cir. 2015); *see also Doran*, 524 F.3d at 1041 ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent") (citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)). Conclusory allegations of deterrence are insufficient. *Feezor*, 608 Fed. App'x at 477; *see also Gastelum v. Tc Heritage Inn 2 of Bakersfield LLC,* No. 1:21-cv-1230-JLT-BAK (SAB), 2022 WL 541791, at *10 (E.D. Cal. Feb. 23, 2022) ("Conclusory allegations of deterrence, however, are insufficient."); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F.

Supp. 3d 1332, 1341 (E.D. Cal. 2020) ("conclusory assertions that an ADA plaintiff ... is deterred from returning to a place are insufficient"). A plaintiff must allege more, such as frequency of travel to a region or concrete travel plans, to support a determination that he is deterred from a return due to the alleged barriers. *See*, *e.g.*, *Strojnik*, 436 F. Supp. 3d at 1341-42; *Whitaker v. Ramon Bravo, Inc.*, No. 21-cv-03714-JCS, 2021 WL 4133871, at *4 (N.D. Cal. Sept. 10, 2021) (finding a plaintiff sufficiently alleged imminent future injury based on allegations that he is an ADA tester who frequently travels to the Bay Area, including the Redwood City area where the restaurant was located).

Defendant presents no specific argument regarding deterrence, maintaining only that "the SAC does not show that Plaintiff is deterred." (Doc. 38-1 at 8.) Notwithstanding the perfunctory argument, Defendant contends that Plaintiff fails to sufficiently allege a real and immediate threat of repeated injury in the future. As deterrence is one means of establishing likelihood of future injury, the Court will consider whether Plaintiff's allegations are sufficient to support a conclusion that he is deterred from returning to the Bakersfield store.

In the SAC, Plaintiff alleges that he "will return to the Stores yet again . . . to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Stores in issue here … are accessible." (Doc. 37 at 18, ¶ 61.) Plaintiff also alleges he "is currently deterred" from returning "because of his knowledge of the existing barriers at the Stores that deny him full and equal access." (*Id.* at ¶ 62.) Because Plaintiff offers no more than a conclusory statement that he will return to the Bakersfield store (or El Centro area) once it is represented to him that the store is accessible, he fails to allege facts sufficient to support a conclusion that he has standing due to deterrence. *See Feezor*, 608 Fed. App'x at 477; *Strojnik*, 436 F. Supp. 3d at 1341; *Gastelum*, 2022 WL 541791, at *10.

Accordingly, the Court recommends that Defendant's motion to dismiss the remaining allegations and claims in the SAC be GRANTED based on lack of standing. The Court finds that further leave to amend is not warranted for the reasons discussed in the Court's Rule 15 analysis.

///

///

20

1

IV.    **CROSS-MOTIONS FOR SUMMARY JUDGMENT**

2

    **A.  Defendant's Motion for Summary Judgment and Dismissal**

3

      As a final matter, Defendant contends that if the Court has not determined to dismiss

4

and/or strike the entirety of Plaintiff SAC, then "the Court should grant judgment in Defendant's

5

favor on Plaintiff's new allegations in the SAC and dismiss the remainder of the SAC with

6

prejudice pursuant its inherent power to sanction egregious litigation conduct."  (Doc. 38-1 at 23.)

7

Based on the Court's recommendations, it is unnecessary to reach Defendant's alternative

8

argument that summary judgment should be granted.  The Court will therefore recommend

9

Defendant's motion for summary judgment be DENIED as moot.

10

    **B.  Plaintiff's Cross Motion for Summary Judgment**

11

      Plaintiff filed a cross motion for summary judgment based on reportedly "indisputable

12

statement of facts" in his verified SAC that includes purported photographs of Kohl's stores.

13

(Doc. 40 at 6.)  Given the Court's recommendations herein, the Court also will recommend that

14

Plaintiff's motion for summary judgment be DENIED as moot.

15

V.    **CONCLUSION AND RECOMMENDATION**

16

      Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

17

    1.    Defendant's motion to strike be GRANTED.

18

    2.    Plaintiff's (1) two new alleged store visits (*see* Doc. 37 at 8, ¶¶ 26, 28; 10-13, ¶¶

19

        35-41; 15-17, ¶¶ 50-56), (2) the Unruh Act claim, and (3) the California Disabled

20

        Persons Act claim be STRICKEN from the SAC under Rule 12(f).

21

    3.    Defendant's motion to dismiss Plaintiff's allegations and claims related to his

22

        February 23, 2022 visit the El Centro store be GRANTED, and those allegations

23

        and claims be dismissed without leave to amend.

24

    4.    Defendant's motion to dismiss the remaining allegations and claims in the SAC be

25

        GRANTED based on lack of standing without further leave to amend.

26

    5.    Defendant's alternative motion for summary judgment be DENIED as moot.

27

    6.    Plaintiff's cross-motion for summary judgment (Doc. 40) be DENIED as moot.

28

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 8, 2024**                    /s/ *Barbara A. McAuliffe*

                              UNITED STATES MAGISTRATE JUDGE