**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KOHL'S INC.,<br><br>　　　　Defendant. | Case No.: 1:21-cv-1740 JLT BAM<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, STRIKING CERTAIN ALLEGATIONS AND CLAIMS, DISMISSING THE REMAINING CAUSE OF ACTION WITHOUT FURTHER LEAVE TO AMEND, AND TERMINATING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT AS MOOT<br><br>(Docs. 38, 40, 45)<br><br>ORDER DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |

Fernando Gastelum seeks to hold Kohl's Inc. liable for failure to have accessible features in stores its located in Bakersfield and El Centro, California. In the second amended complaint, Plaintiff added allegations related to additional visits made in 2022 to the identified Kohl's stores. (*See* Doc. 37 at 8-9, ¶¶ 26, 28; *id.* at 10-13, ¶¶ 35-41; *id.* at 15-16, ¶¶ 50-56.) In addition, Plaintiff indicated he seeks to hold Defendant liable under both federal and state law, asserting claims under the Americans with Disabilities Act, California's Unruh Act, and the California Disabled persons Act. (*Id.* at 18-21.)

Defendant moved to strike the new allegations SAC and claims arising under state law as exceeding the scope of permitted amendment. (Doc. 38-1 at 13.) Defendant asserts that even if the Court considers the additional allegations, Plaintiff "failed to cure the standing deficiencies in his FAC

1

related to future injury." (*Id.* at 17.) Furthermore, Defendant argues that "Plaintiff's claims and allegations related to his alleged original February 24, 2022, visit to the El Centro Store should be dismissed…, because Plaintiff does not allege that he used a wheelchair during his visit." (*Id.*) In the alternative, Defendant moves for summary judgment. (*Id.* at 23-24.) Plaintiff opposes the request to strike and dismiss and included a cross-motion for summary judgment in his opposition. (Doc. 40.) The Court referred the matters to the assigned magistrate judge. (Doc. 43.)

The magistrate judge observed that the Court granted Defendant's motion for judgment on the pleadings and dismissed Plaintiff's FAC with leave to amend. (Doc. 45 at 4, 8.) The magistrate judge noted the Court granted Plaintiff the "opportunity to file an amended complaint that cures the deficiencies related to standing identified in [the court's] order." (*Id.* at 8, quoting Doc. 36 at 19.) In addition, the Court "dismissed Plaintiff's claim for a violation of California's Unruh Act without leave to amend, but without prejudice to refiling before the state court." (*Id.* at 8.) Further, the magistrate judge noted the Court held: "leave to amend is limited to **only** the claim arising under the ADA." (*Id.*, emphasis in original.) Based upon the explicit limitation to the leave to amend, the magistrate judge "agree[d] with Defendant that the newly added visits to the Bakersfield store and El Centro store, the renewed Unruh Act claim, and the new claim under the California Disabled Persons Act exceed the scope of the limited leave to amend the district court granted in its prior order on Defendant's motion for judgment on the pleadings." (*Id.* at 9.)

The magistrate judge found that "Plaintiff did not request leave to amend to add the new visits, to reassert an Unruh Act claim, or to add a claim under the California Disabled Persons Act and is barred from adding them without the court's leave." (Doc. 45 at 9, citing Fed. R. Civ. P. 15(a)(2).) The magistrate judge found that leave to amend was "not be appropriate in the present circumstances" because the deadline to amend the pleadings was May 12, 2022, and Plaintiff did not demonstrate good cause for amendment after the deadline. (*Id.*, citing Doc. 12.) The magistrate judge explained:

> There is no indication of diligence to support amendment, whether for the store "revisits" in 2022, the reassertion of the Unruh Act claim, or the addition of the California Disabled Persons Act claim. Plaintiff provides no explanation as to why the theories underlying his Unruh Act claim or his assertion of a claim under the California Disabled Persons Act could not have been made prior to expiration of the amendment deadline. Further, Plaintiff seemingly chose to "revisit" the Bakersfield and El Centro stores only after expiration of the non-expert discovery deadline on

July 28, 2022. (Doc. 12.) Plaintiff made no attempt to amend the scheduling order or amend his complaint to add these claims until April 10, 2023, after the district court granted Defendant's motion for judgment on the pleadings.

(Doc. 45 at 10.) Thus, the magistrate judge found Plaintiff failed to satisfy the good cause requirement under Rule 16 of the Federal Rules of Civil Procedure. (*Id.*) Even if Plaintiff satisfied the good cause requirement, the magistrate judge determined "the relevant factors weigh against leave to amend under Rule 15." (*Id.* at 10; *see also id.* at 11-14.) Therefore, the magistrate judge recommended the "motion to strike be granted and Plaintiff's (1) two new alleged store visits (*see, e.g.*, Doc. 37 at 8, ¶¶ 26, 28; 10-13, ¶¶ 35-41; 15-17, ¶¶ 50-56), (2) the Unruh Act claim, and (3) the California Disabled Persons Act claim be stricken from the SAC under Rule 12(f)." (*Id.* at 14-15, emphasis omitted.)

The magistrate judge then turned to the motion to dismiss, to determine whether Plaintiff cured the pleading deficiencies related to standing. (Doc. 45 at 16-20.) The magistrate judge noted that although Plaintiff alleged that he shopped at the El Centro store on February 24, 2022, he also alleged that he "requested his son to go into the store to determine whether it was accessible for Plaintiff in his wheelchair." (*Id.* at 16-17, citing Doc. 27 at 13, ¶¶ 42, 44.) The magistrate judge found, "While Plaintiff attempts to imply that he shopped in the store and used his wheelchair, the SAC does not specifically allege that Plaintiff used his wheelchair on that date or that he entered the store and encountered barriers. Rather, Plaintiff's allegations indicate that he requested his son go into the store and relate to information relayed to Plaintiff by his son." (*Id.* at 17.) The magistrate judge determined these allegations were "insufficient to demonstrate an injury-in-fact," and recommended that "Defendant's motion to dismiss Plaintiff's allegations and claims related to his February 23, 2022 visit the El Centro store be granted, and those allegations and claims be dismissed without leave to amend." (*Id.*, emphasis omitted.)

Defendant also challenged Plaintiff's standing on the grounds that Plaintiff did not allege "a real and immediate threat of repeated injury." (Doc. 45 at 17, citing Doc. 38-1 at 17.) The magistrate judge found the SAC did not include any "indication of how regularly Plaintiff visits the Bakersfield area (or El Centro area) from Arizona or that he would return to the area on any particular future date." (*Id.* at 19.) Thus, the magistrate judge determined the "SAC does not sufficiently allege an intent to return."

1 (*Id.*, *see also id.* at. 18-19, citing, *e.g., Gastelum v. Burlington Stores, Inc.,* 2024 WL 389229, at *3 (S.D. Cal. Feb. 1, 2024), *Strojnik v. Four Sisters Inns, Inc.,* 2019 WL 6700939, at *4 (C.D. Cal. Dec. 9, 2019).) In addition, the magistrate judge found, "Because Plaintiff offers no more than a conclusory statement that he will return to the Bakersfield store (or El Centro area) once it is represented to him that the store is accessible, he fails to allege facts sufficient to support a conclusion that he has standing due to deterrence." (*Id.* at 20, citing *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1341 (E.D. Cal. 2020).) The magistrate judge concluded that Plaintiff failed to cure the pleading deficiencies previously identified by the Court and recommended that "Defendant's motion to dismiss the remaining allegations and claims in the SAC be granted based on lack of standing." (*Id.*, emphasis omitted.)

Based upon recommendations that the ADA claim be dismissed for lack of standing and the state law claims be stricken, the magistrate judge found it was unnecessary to reach the parties' arguments regarding summary judgment. (Doc. 45 at 21.) The magistrate judge recommended the parties' cross-motions for summary judgment be denied as moot. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 45 at 22.) The Court advised Plaintiff that the failure to file objections within the specified time may result in the waiver of rights on appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014), *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) Neither party filed objections, and the time to do so has expired.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.[1] Thus, the Court **ORDERS**:

---

[1] In the "Conclusion and Recommendation," the magistrate judge recommended "Defendant's motion to strike be granted." (Doc. 45 at 22, emphasis omitted.) The Court notes that Defendant moved to strike the entirety of the SAC, asserting that Plaintiff's inclusion of new allegations and causes of action exceeding the scope of permitted amendment "warrants this Court striking Plaintiff's amended pleading." (Doc. 38-1 at 7.) However, Defendant also asserted that "all of Plaintiff's claims relating to (1) his two new alleged store visits, (2) the Unruh Act, and (3) and the California Disabled Persons Act must be stricken under Rule 12(f)." (*Id.* at 14.) In the analysis, the magistrate judge explicitly indicated that she did "not recommend striking the SAC in its entirety, only those allegations related to the second visits to the Bakersfield and El Centro stores, the Unruh Act claim, and the California Disabled Persons Act claim." (Doc. 45 at 16 [emphasis added]; *see also id.* at 21.) Toward that end, the Court finds the magistrate judge properly tailored the analysis to the unpermitted amendments and, in fact, recommended the motion to strike be granted *in part.*

1. The Findings and Recommendations dated March 8, 2024 (Doc. 45) are **ADOPTED** in full.
2. Defendant's motion to strike pursuant to Rule 12(f) is **GRANTED** in part.
3. Plaintiff's allegations related to two additional store visits (Doc. 37 at 8, ¶¶ 26, 28; 10-13, ¶¶ 35-41; 15-17, ¶¶ 50-56) are **STRICKEN** from the SAC pursuant Rule 12(f).
4. Plaintiff's claims under the Unruh Act and the California Disabled Persons Act are **STRICKEN** from the SAC pursuant Rule 12(f).
5. Defendant's motion to dismiss Plaintiff's allegations and claims related to his El Centro store visit on February 23, 2022, is **GRANTED**.
6. Defendant's motion to dismiss the remaining claim in the SAC—arising under the Americans with Disabilities Act—is **GRANTED** pursuant to Rule 12(b)(6).
7. Further leave to amend is **DENIED**.
8. Defendant's alternative motion for summary judgment is denied as **MOOT**.
9. Plaintiff's cross-motion for summary judgment (Doc. 40) is denied as **MOOT**.
10. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __March 26, 2024__

UNITED STATES DISTRICT JUDGE